1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| SEAFARERS OFFICERS & EMPLOYEES PENSION PLAN, | Case No. 17-cv-04106-JD |
| Plaintiff, | **ORDER RE REMAND** |
| v. | Re: Dkt. No. 10 |
| APIGEE CORPORATION, et al., | |
| Defendants. | |

Defendant Apigee Corporation ("Apigee") removed this securities class action alleging violations of the '33 Act from San Mateo Superior Court. Dkt. No. 1. Plaintiff Seafarers Officers & Employees Pension Plan ("Seafarers") moves to remand on the basis that Title 15 of the U.S. Code, Section 77v(a) bars removal. Dkt. No. 10. The Court finds that removal was improvident, and the case is remanded to San Mateo Superior Court.

Section 77v(a) is an anti-removal provision and states that "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." The exception in Section 77p(c) states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)."

"Subsection (b)" refers to Section 77p(b), which defines a set of cases that Congress determined cannot be brought in any court:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging . . . an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or . . . that the defendant used or

employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

The parties agree that this case is a "covered class action" but dispute the applicability of Section 77p(c) and whether the San Mateo Superior Court was a court of competent jurisdiction under Section 77v(a).

In a decision on the nonappealability of district court remand orders, the Supreme Court held the removal under Section 77p(c) is "limited to those [cases] precluded by the terms of subsection (b)." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006). In essence, the Court found that Congress allowed removal only to avoid an end-run around the federal securities laws by cases asserting state-law claims. *See id*. at 636. The Court did not expressly address whether removal is limited to state-law claims, because *Kircher* involved only state-law claims. Still, the Court found that the purpose of Section 77p(c) is to ensure that a federal court could dismiss a state-law action precluded by Section 77p(b). *Id*. at 643-44. Clearly, then, only actions based on state law are removable under Section 77p(c). Since Seafarers alleges only '33 Act claims, removal was improper.

As the parties acknowledge, none of this is new or unexpected. The Ninth Circuit has recognized "the *specific* bar against removal of cases arising under the '33 Act." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1032 (9th Cir. 2008) (emphasis in original). More than twenty district courts in the Ninth Circuit have addressed this issue and remanded to state court every time. *See, e.g.*, *Book v. Pronai Therapeutics, Inc.*, 16-cv-7408-EJD, Dkt. No. 42 (N.D. Cal. June 12, 2017); *Rivera v. Fitbit, Inc.*, 2016 WL 4013504 (N.D. Cal. July 27, 2016); *Plymouth Cnty. Ret. Sys. v. Model N, Inc.*, 2015 WL 65110 (N.D. Cal. Jan. 5, 2015). The Court sees no good reason to reconsider the question or depart from these consistent and considered decisions.

Apigee's suggestion that the grant of certiorari in *Cyan Inc. v. Beaver Cnty. Emps. Retirement Fund*, No. 15-1439, provides a reason is not well taken. The mere granting of the writ does not displace the well-developed case law on this issue. In the event the Supreme Court overturns the apple cart, so to speak, and holds that the Superior Court was not a court of competent jurisdiction for '33 Act claims, Apigee presumably would be entitled to an immediate

2

dismissal of the case by the state court.  Or it might possibly seek removal again, though the Court

expresses no opinion on that question here.  There is no efficiency penalty imposed by remand,

because Apigee will need to litigate the case in the meantime, whether here or in the Superior

Court.  And the work involved could be minor, because as the parties both note, another case

bringing claims under the same statute on behalf of the same defendants for the same statements

and omissions is already being litigated in San Mateo Superior Court.  *See* Dkt. No. 3 at 1; Dkt.

No. 10 at 3.  One way or another, this case will go forward.  Under current law, the proper forum

for that is the state court.

**CONCLUSION**

Because removal is barred by Section 77v(a), the Court remands the case to San Mateo

Superior Court.  Since the case is not properly in federal court, a stay pending a decision in *Cyan,*

*Inc.* is denied.

**IT IS SO ORDERED.**

Dated:  September 1, 2017

_____
JAMES DONATO
United States District Judge